## J. Vaden Hunt

**From:** Barbara Hudson <bh60201@yahoo.com>
**Sent:** Thursday, August 11, 2011 7:44 PM
**To:** Vaden Hunt
**Subject:** Prayer at BOS meetings

Dear Vaden:

I light of the 4th Circuit Court of Appeals recent ruling on Joyner et al v. Forsyth County, N.C., No. 10-1232 (published), I am requesting that the Pittsylvania County Board of Supervisors be required to cease and desist naming Jesus Christ in the prayers that begin each and every meeting of the Pittsylvania County Board of Supervisors. To a non-Christian such as myself, the Supervisors' references to Jesus Christ as the guiding spirit in their invocation of a deity is not only offensive; it is also exclusionary and constitutes a political view that citizens in this County who do not subscribe to the tenets of Christianity and Jesus Christ are somehow "less than" and "unequal to" the majority population that does, including the elected officials making these invocations.

I would appreciate your attention to this matter. Unlike Forsyth County, where the references were less than 100%, in Pittsylvania County the invocations "In Jesus name" have been 100%.

Very truly yours,


Barbara Hudson



EXHIBIT

tabbies®

1

1

http://www2.godanriver.com/news/2008/dec/23/pittsylvania_county_judge_rules_in_favor_of_county-ar-284227/



Published: December 23, 2008

Home / news / local /

# Pittsylvania County judge rules in favor of county

### By John Crane

A Pittsylvania County Circuit Court judge has ruled against a resident who filed a petition to halt the county board of supervisors' plans for an industrial megapark off Berry Hill Road.

Nancy Barbour Smith had petitioned the court last month to order the Board of Supervisors to hold a public hearing before it decided to allocate $4.19 million toward a bond issued to the Regional Industrial Facility Authority to help pay for the 3,500-acre megapark. Smith alleged that the supervisors didn't give adequate notice of a public hearing on plans to give the money to RIFA, and must hold a referendum before issuing bonds.

Smith asked the court to prohibit the board of supervisors from entering into an agreement that would obligate taxpayers to pay for the bond. Her petition said that even though the board advertised for and held a public hearing Oct. 6 over amending the budget for the bond, it violated Virginia Code because the Sept. 24 ad offered no synopsis of the budget amendment.

Smith contended the Oct. 6 published board agenda did not include the public hearing on the budget amendment and that the board deliberately concealed the hearing from residents. The board approved the amendment by a 5-2 vote.

In response, the Pittsylvania County Board of Supervisors had filed a motion requesting that Judge Charles Strauss dismiss the case because the board never issued bonds. County Attorney John Light said in the motion to dismiss that the county "never issued bonds for $4.19 million" or approved a bond resolution on Oct. 6. The county didn't issue bond anticipation notes or intend to, Light said. Instead, the Danville-Pittsylvania Regional Industrial Facility Authority (RIFA) intends to issue the bonds and acquire the property.

The park would be a joint $13 million project between the county and the city of Danville.

The city and the county "agreed to jointly advance funds to acquire the property, with the understanding that bond anticipation notes would be issued by RIFA, and the funds generated would be



used to reimburse the county and the city," Light said in the motion. The actions equate extending short-term credit to RIFA, with Pittsylvania County incurring no debt, Light said in the motion.

Strauss, in his Dec. 18 ruling, agreed that the county issued no bonds. Strauss also said the county provided an adequate synopsis of the budget amendment in its ad for the Oct. 6 public hearing, and is not required to hold a public referendum.

Barbara Hudson, Smith's attorney, filed a motion for reconsideration Monday in response to the judge's decision.

Attempts to contact Light were unsuccessful Monday.

Contact John R. Crane at j

crane@registerbee.com

or (434) 791-7987.

GoDanRiver.com © Copyright 2011 Media General Communications Holdings, LLC. A Media General company.

http://www2.godanriver.com/news/2009/feb/26/virginia_supreme_court_to_hear_berry_hill_lawsuit-ar-281798/



Published: February 26, 2009

Home / news / local /

# Virginia Supreme Court to hear Berry Hill lawsuit

### By John Crane

A Pittsylvania County woman has taken her case against the Berry Hill Road mega-park to the Virginia Supreme Court.

Nancy Barbour Smith, who lives in the Axton area, and her attorney, Barbara Hudson, allege the basis of a Pittsylvania Circuit Court judge's Feb. 13 decision to dismiss Smith's lawsuit against the Danville-Pittsylvania Regional Industrial Facility Authority is wrong.

Circuit Court Judge Charles Strauss dismissed Smith's case against RIFA, finding that Virginia's code does not require bonds issued by the authority to finance a 3,000-plus-acre industrial mega-park to be legally enforceable. In his order, Strauss maintains that the bond may be financed by the "moral obligation" of Pittsylvania County.

Hudson says Strauss's interpretation of the code is erroneous, that the county cannot invest in the RIFA bonds under moral agreement and that the agreement must be legally binding. The Pittsylvania County Board of Supervisors entered an agreement with RIFA on Nov. 1 to service half of RIFA's $13 million bond debt.

Hudson and Smith are asking the Virginia Supreme Court to declare the Nov. 1 agreement unlawful and to forbid RIFA from entering into a "mortal agreement, subject to appropriation," bond-debt financing with Pittsylvania County. She wants the court to mandate that "any future RIFA bond issues be financed with legally enforceable obligations."

The 3,000-acre industrial park is a joint project between the county and the city of Danville. The two entities would share revenues from the project. A groundbreaking event for the project was held at the Institute for Advanced Learning & Research on Monday. Officials hope to attract an automobile manufacturer or other large industry to the mega-park.

Hudson also maintains that the public has a right to know ahead of time that its governing body is issuing bonds.

RIFA's attorney, Lee Yancey, could not be reached for comment Wednesday.

Danville City Councilman David Luther, who serves on the RIFA board, said he hopes the Virginia Supreme Court dismisses the case.

"I hope it gets thrown out," Luther said at the groundbreaking Monday at the Institute. "It looks pretty frivolous to me."

• Contact John Crane at jcrane@registerbee.com or (434) 791-7987.

GoDanRiver.com © Copyright 2011 Media General Communications Holdings, LLC. A Media General company.

http://www2.godanriver.com/news/2009/feb/27/regional_industrial_facility_authority_responds_to-ar-281758/



Published: February 27, 2009

<u>Home</u> / <u>news</u> / <u>local</u> /

# Regional Industrial Facility Authority responds to mega-park appeal

## By John Crane

The Danville-Pittsylvania Regional Industrial Facility Authority has fired back in the legal fight with a woman who is challenging the authority's plans to finance a 3,000-acre industrial mega-park in the Berry Hill community.

Nancy Barbour Smith, who lives in the Axton area, and her attorney, Barbara Hudson, allege the basis of a Pittsylvania County Circuit Court judge's Feb. 13 decision to dismiss Smith's law-suit against the Regional Industrial Facility Authority is wrong. They filed a petition for appeal on Feb. 17 asking the Virginia Supreme Court to hear their case.

Now the industrial authority wants Smith to pay a $13 million bond, the amount it is financing for the mega-park off Berry Hill Road, if the Virginia Supreme Court decides to hear her case. The authority's counsel, Lee Yancey, said the move is to make sure Smith pays costs that would occur if the appeal goes through.

"The question is whether the time will cause the underwriter (of the mega-park project) to back out of the deal," Yancey, an attorney with Clement & Wheatley in Danville, said Thursday.

Yancey filed the motion to set an appeal bond in Circuit Court on Monday.

Davenport & Company LLC is underwriting the mega-park project.

Hudson said she expects the Circuit Court to reject the industrial authority's motion.

"It's not supported by law," Hudson, who said she's representing Smith pro bono, said Thurs-day.

Granting the motion would not have legal standing because Smith's case is not stopping the project and she is not seeking anything from the county, Hudson said. The attorney filed her own motion to dismiss the authority's motion Thursday in Circuit Court.

Hudson said the Regional Industrial Facility Authority wants Smith to pay because the entity expects

the mega-park to fail.

"I think they're anticipating a real fiasco, so they want to blame someone," she said.

Circuit Judge Charles Strauss had dismissed Smith's case against the Regional Industrial Fa-cility Authority, finding that state code does not require bonds issued by the authority to finance a 3,000-plus-acre industrial mega-park to be legally enforceable. In his order, Strauss maintained that the bond may be financed by the "moral obligation" of Pittsylvania County.

Hudson said Strauss's interpretation of the code is erroneous. The county cannot invest in the bonds under moral agreement, she said, and that agreement must be legally binding. The Board of Supervisors entered an agreement with the Regional Industrial Facility Authority on Nov. 1 to service half of the authority's $13 million bond debt.

Hudson and Smith are asking the Virginia Supreme Court to declare the Nov. 1 agreement unlawful and to forbid the authority from entering into a "moral agreement, subject to appropria-tion," bond-debt financing with the county. Hudson wants the court to mandate that "any future RIFA bond issues be financed with legally enforceable obligations."

GoDanRiver.com © Copyright 2011 Media General Communications Holdings, LLC. A Media General company.

http://www2.godanriver.com/news/2009/apr/02/berry_hill_road_mega_park_injunction_petition_deni-ar-280204/



Published: April 02, 2009

Home / news / local /

# Berry Hill Road mega park injunction petition denied

## By John Crane

A Pittsylvania County Circuit Court judge shot down a woman's petition Tuesday for an injunction to stop the County Board of Supervisors from financing an industrial mega park on Berry Hill Road with taxpayer money.

Nancy Barbour Smith, who lives in Axton, filed the request for an injunction in circuit court March 17. The case was heard in court Monday and continued Tuesday.

Smith aimed to prevent the county from paying back at least $4.1 million in taxpayer money to the city of Danville that it had borrowed to help pay for the proposed project. County attorney John Light had requested that Circuit Court Judge Charles Strauss dismiss the case.

Smith and her attorney, Barbara Hudson, contended the county continued to borrow taxpayer money from the city of Danville even after the county had removed $4.1 million from its general fund and returned it with money borrowed from the city. The board approved a budget amendment by a 5-2 vote Oct. 6 to pay $4.1 million toward a 3,000-acre mega park on Berry Hill Road. Smith contended the board illegally removed the money from the general fund.

"You can't use taxpayer money to pay back that debt because they violated the law by creating that debt," Hudson said last week.

Light said in December that the county and the city of Danville had agreed to jointly advance funds to acquire the property and the Regional Industrial Facility Authority would issue bond notes. RIFA would reimburse the two localities with generated funds, Light had said. However, the city repaid the county, and now, the county owes Danville, Hudson said.

The park is a $13 million joint project between the county and the city.

Light said Wednesday he was pleased with Strauss's decision and that it was reasonable given Smith's allegations.

Hudson said she hopes county residents become aware of the case.

"We hope this will mobilize the people to elect a new board," Hudson said. She said the county owes Danville about $6 million.

"We need to elect a Board of Supervisors who would agree not to pay that off," she said.

In a separate but related case, Smith and Hudson are fighting the Pittsylvania County Board of Supervisors' agreement with the Regional Industrial Facility Authority to service half of the authority's $13 million bond debt for the 3,000-plus acre mega park on Berry Hill Road. They contend that the agreement is not legally binding.

They took the case to the Virginia Supreme Court in February.

Strauss had dismissed Smith's case against the authority, finding that state code does not require bonds issued by the authority to finance a 3,000-plus-acre industrial mega park to be legally enforceable. In his order, Strauss maintained that the bond may be financed by the "moral obligation" of Pittsylvania County.

Hudson had said Strauss's interpretation of the code is erroneous. The county cannot invest in the bonds under moral agreement, she said, and that agreement must be legally binding. The Board of Supervisors entered an agreement with the Regional Industrial Facility Authority on Nov. 1 to service half of the authority's $13 million bond debt.

Hudson and Smith are asking the Virginia Supreme Court to declare the Nov. 1 agreement unlawful and to forbid the authority from entering into a moral agreement with the county. Hudson wants the court to mandate that "any future RIFA bond issues be financed with legally enforceable obligations."

The Virginia Supreme Court has not decided whether it will hear the case.

• Contact John Crane at jcrane@registerbee.com or (434) 791-7987.

GoDanRiver.com © Copyright 2011 Media General Communications Holdings, LLC. A Media General company.

http://www2.godanriver.com/news/2010/mar/03/a_good_deal_of_pork-ar-272502/



Published: March 03, 2010

Home / news / opinion / mailbag /

# A good deal of pork

## By The Editorial Board

To the editor:

The folks in Eden, N.C., have finally figured out the name of the game at the Berry Hill industrial mega park: get on the dole for taxpayer monies.

It must have been painful for Eden to watch all that seepage of taxpayer monies into the coffers of Virginia politicians, where there is virtually no accountability for what comes in or what goes out. Who can blame Eden for wanting in on the action?

What most taxpayers don't know is that the Danville-Pittsylvania Regional Industrial Facility is accountable to no one. It has been operated by two people from the Danville City Council and two people from the Board of Supervisors of Pittsylvania County. These four people, with no citizen input, have bound both the taxpayers of Danville and the taxpayers of Pittsylvania County to pay for all debt they create in the name of the Regional Industrial Facility.

Under the Virginia constitution, when a county wants to incur debt a citizen referendum must be held. But when the Regional Industrial Authority incurs debt, which taxpayers also must pay, there is no referendum. Taxpayers don't even have a clue that they are footing the bill for the millions of dollars of debt service that these four politicians have created.

Why do politicians like big projects involving the construction of miles of water lines and sewer lines and other utility infrastructure? Why do they build bridges to nowhere and industrial parks with no tenants? (Pittsylvania County has at least eight failed industrial parks.)

It seems that no one is watching in Virginia. In 2009, the Virginia legislature refused a proposal to implement a study to determine whether the projects supported, so far, with the more than a half billion dollars distributed out of the Tobacco Indemnification Fund, have been effective. The Tobacco Indemnification Commission has thrown millions of dollars at the Regional Industrial Facility Authority, and, not surprisingly, with no provision for accountability for success.

So congratulations, Eden, for coming to the table.

It includes free catered lunches (at taxpayer expense) if you meet with the Danville-Pittsylvania

Regional Industrial Facility Authority at their Board Meetings.

Yummy.

BARBARA HUDSON
Chatham

GoDanRiver.com © Copyright 2011 Media General Communications Holdings, LLC. A Media General company.

http://www2.godanriver.com/news/2010/mar/04/pittsylvania_county_takes_stand_against_lawsuit-ar-272382/



Published: March 04, 2010

Home / news / local /

# Pittsylvania County takes stand against lawsuit

## By John Crane

The Pittsylvania County Board of Supervisors this week publicly ratified all of its chairmens's' appointments to the Regional Industrial Facility Authority Board since 2006 — and all county actions regarding the RIFA board.

The unanimous 7-0 vote took place after a closed meeting Monday night after the Board of Supervisors' regular meeting, said Board Chairman and Chatham-Blairs Supervisor Hank Davis.

A group of Pittsylvania County residents filed a lawsuit against the Board of Supervisors on Feb. 19.

The lawsuit, which was filed in Pittsylvania County Circuit Court, accuses the three people who chaired the Board of Supervisors since 2006 of illegally appointing county supervisors to the Danville-Pittsylvania County Regional Industrial Facility Authority board. The lawsuit claims the appointment of county supervisors to the RIFA board violated the state's constitution, which requires that the entire Board of Supervisors — and not just the chairman — make appointments to RIFA.

The lawsuit names the Pittsylvania County Board of Supervisors as the sole defendant.

"Code of Virginia … states that appointments to the RIFA Board of Supervisors made in violation of the Code of Virginia … makes such appointments to that office void," wrote Chatham attorney Barbara Hudson in the lawsuit, representing Pittsylvania County residents Nancy Barbour Smith, Karen Maute, Andrew Lester, George Stanhope and Carolyn A. Gibson.

Hudson said Wednesday that the board's actions are to be expected and they do not change the status of the lawsuit.

"We're never surprised at what the county tries to do," Hudson said.

Attempts to contact the county's attorney, John Light, were unsuccessful Wednesday.

RIFA is a joint body and has a board of directors comprised of two members and one alternate each from the Pittsylvania County Board of Supervisors and Danville City Council.

RIFA owns the 3,700-acre Berry Hill Road industrial mega park in southwest Pittsylvania County. City and county officials hopes to attract a large manufacturer and thousands of jobs to the site. Development of the park, including costs for water, sewer, power, gas, roads, rail and the property, would cost about $163.9 million, according to an estimate from Dewberry, which is drawing up a master development plan for the site.

The lawsuit also alleges that "all resources, assets and monies conveyed to RIFA… were and are unlawful diversions of resources rightfully belonging to the taxpayers of Pittsylvania County." Since the county RIFA members were unlawfully appointed, they had no legal authority to vote on or commit money to the benefit of RIFA, the lawsuit alleges.

The lawsuit also requests that:

• The chairman's appointments made to the RIFA board since 2006 be rendered null and void.

• That all financial and other related commitments the county made to RIFA since 2006 to benefit RIFA be declared illegal and void.

• That the Board of Supervisors "be required to make an accounting of the economic resources" including "monies, grants and real property belonging to the taxpayers of Pittsylvania County" to the benefit of RIFA since 2006.

• That the Board of Supervisors be required to make and/or obtain full restitution of properties and money and "lost economic opportunities" on behalf of the taxpayers of Pittsylvania County including interest and for "payment of costs associated with the bringing of this action."

• That the Board of Supervisors be "permanently enjoined from reconveying to RIFA any and all of the monies and properties which are the subject of this action."

---

GoDanRiver.com © Copyright 2011 Media General Communications Holdings, LLC. A Media General company.

http://www2.godanriver.com/news/2010/mar/24
/pittsylvania_county_supervisors_respond_to_two_law-ar-271151/



Published: March 24, 2010

Home / news / local /

# Pittsylvania County supervisors respond to two lawsuits

### By John Crane

The Pittsylvania County Board of Supervisors has responded to two lawsuits filed against it — one last month and the other filed March 17 — asking a judge to dismiss the lawsuits and slap the plaintiffs with sanctions and attorney's fees.

A group of Pittsylvania County residents filed a lawsuit against the Board of Supervisors on Feb. 19, accusing the three people who chaired the Board of Supervisors since 2006 of illegally appointing county supervisors to the Danville-Pittsylvania County Regional Industrial Facility Authority board. The lawsuit, filed by county residents Nancy Barbour Smith, Karen Maute, Andrew Lester, George Stanhope and Carolyn A. Gibson, claims the appointment of county supervisors to the RIFA board violated the state's Constitution requiring that the entire Board of Supervisors — and not just the chairman — make appointments to RIFA.

Chatham attorney Barbara Hudson is the plaintiffs' counsel in both cases.

The county's response to the first lawsuit, filed Friday in Pittsylvania County Circuit Court by county attorney John Light, asks the judge to dismiss the case and counters that state law allows the Board of Supervisors' chairman to act on behalf of the board. Light's argument goes further, stating that even if state law prohibited the chairman from acting alone in the RIFA appointments, "any such error would constitute a mere procedural error."

Light argues that the lawsuit lacks "statutory and constitutional authority" and asks for sanctions against the plaintiffs because they did not make an effort to make sure their case was grounded in fact and law. The lawsuit was filed to "harass, delay and to cause needless costs to be incurred by the defendant," Light stated in his motion.

Hudson, reached by phone Tuesday evening, declined to comment on the response because she said Light's response wasn't sent to her.

Nancy Barbour Smith filed a separate Freedom of Information Act lawsuit in Pittsylvania County

General District Court on March 17. It alleges that the county Board of Supervisors violated Virginia's FOIA when they discussed RIFA board appointments during a closed meeting on March 1 and discussed during another closed meeting on April 6, 2009, the amending of minutes from an Oct. 6, 2008, public meeting.

In his motion, Light says the closed meetings were both the result of litigation filed by Hudson and Smith and that Hudson does not mention that fact in her FOIA lawsuit. Light said Hudson omits those facts necessary to the case.

"To me, it constitutes fabrication," Light said during an interview Tuesday.

Hudson said Tuesday it makes no difference why they held those closed meetings. The board can't change meeting minutes — or decide to ratify RIFA appointments — in private that were approved in public meetings, Hudson said.

In regards to the RIFA appointment lawsuit, RIFA is a joint body and has a board of directors comprised of two members and one alternate each from the Pittsylvania County Board of Supervisors and Danville City Council.

RIFA owns the 3,700-acre Berry Hill Road industrial mega park in southwest Pittsylvania County. City and county officials hopes to attract a large manufacturer and thousands of jobs to the site. Development of the park, including costs for water, sewer, power, gas, roads, rail and the property, would cost about $163.9 million, according to an estimate from Dewberry, which is drawing up a master development plan for the site.

The lawsuit also alleges that "all resources, assets and monies conveyed to RIFA… were and are unlawful diversions of resources rightfully belonging to the taxpayers of Pittsylvania County." Since the county RIFA members were unlawfully appointed, they had no legal authority to vote on or commit money to the benefit of RIFA, the lawsuit alleges.

GoDanRiver.com © Copyright 2011 Media General Communications Holdings, LLC. A Media General company.

http://www2.godanriver.com/news/2010/mar/31/pittsylvania_county_costs_over_lawsuits_up-ar-270629/



Published: March 31, 2010

Home / news / local /

# Pittsylvania County costs over lawsuits pile up

## By John Crane

Pittsylvania County's costs to defend itself against two lawsuits over appointments to the Danville-Pittsylvania County Regional Industrial Facility Authority board are piling up.

County residents have filed more motions and asked the courts for sanctions against the Pittsylvania County Board of Supervisors, whose legal expenses are about $200,000, county officials estimate. That doesn't include costs the county will have to pay for hiring an attorney to assist its attorney, John Light.

The motions, filed last week, call for sanctions against Light, and asks that he be disqualified from the case. The motions stem from two lawsuits filed against the county.

In the first, a group of Pittsylvania County residents sued the Board of Supervisors on Feb. 19 in Pittsylvania County Circuit Court, accusing the three people who chaired the board since 2006 of illegally appointing county supervisors to the Danville-Pittsylvania County Regional Industrial Facility Authority board. The lawsuit, filed by county residents Nancy Barbour Smith, Karen Maute, Andrew Lester, George Stanhope and Carolyn A. Gibson, claims the appointment of county supervisors to the RIFA board violated the state's Constitution requiring that the entire Board of Supervisors — and not just the chairman — make appointments to RIFA.

In the other case, Nancy Barbour Smith filed a Freedom of Information Act lawsuit in Pittsylvania County General District Court earlier this month. That lawsuit charges that the county Board of Supervisors violated Virginia's FOIA when they discussed RIFA board appointments during a closed meeting March 1 and discussed during another closed meeting on April 6, 2009, the amending of minutes from an Oct. 6, 2008, public meeting.

Chatham attorney Barbara Hudson is the plaintiffs' counsel in both cases.

The Board of Supervisors — through Light — responded by asking a judge to dismiss the lawsuits and slap the plaintiffs with sanctions and attorney's fees, saying that Virginia law allows the board's chairman to act on behalf of the board. Light argues that the lawsuit lacks "statutory and constitutional authority" and asks for sanctions against the plaintiffs because they did not make an effort to make sure their case was grounded in fact and law. The lawsuit was filed to "harass, delay and to cause needless

costs to be incurred by the defendant," Light stated in his motion.

In his motion regarding the FOIA case, Light says the closed meetings were both the result of litigation filed by Hudson and Smith and that Hudson does not mention that fact in her FOIA lawsuit. Light said Hudson omits those facts necessary to the case.

Hudson has said it makes no difference why they held those closed meetings. The board can't change meeting minutes — or decide to ratify RIFA appointments — in private that were approved in public meetings, Hudson said.

Hudson said she and the plaintiffs are looking out for county taxpayers' money and working to ensure clean local government that follows the law.

RIFA owns the 3,700-acre Berry Hill Road industrial mega park in southwest Pittsylvania County. City and county officials hopes to attract a large manufacturer and thousands of jobs to the site. Development of the park, including costs for water, sewer, power, gas, roads, rail and the property, would cost about $163.9 million, according to an estimate from Dewberry, which is drawing up a master development plan for the site.

The first lawsuit also states "all resources, assets and monies conveyed to RIFA … were and are unlawful diversions of resources rightfully belonging to the taxpayers of Pittsylvania County." Since the county RIFA members were unlawfully appointed, they had no legal authority to vote on or commit money to the benefit of RIFA, the lawsuit alleges.

Light declined to comment on the most recent motions Tuesday until he examines the documents and the county files its response. But he said during an interview last week the lawsuits against the county are designed to stymie progress on the Berry Hill Road industrial mega park, a joint project between Danville and Pittsylvania County.

"She has caused huge impediments to development of this park," Light said during last week's interview, adding that all previous actions brought by Smith against the county and/or RIFA have been dismissed by courts at the county and state levels.

Light says Hudson's lawsuits are costing county taxpayers "a small fortune," and questions whether she and the plaintiffs are looking out for county taxpayers.

"There is nothing that could be further from the truth," Light said.

RIFA could've had financing for the mega park last year if it weren't for the lawsuits, Light said. However, "irrespective of what happens, we're going to develop that park," he said.

City and county officials hope to attract a major manufacturer that would bring thousands of jobs to the mega park.

In its response to the FOIA lawsuit, the county seeks sanctions against the plaintiffs and asks the court to prohibit Hudson and Smith from filing actions relating to the mega park unless they're independently reviewed before allowed to be filed.

The most recent filings include a motion filed on March 25 in Pittsylvania County General District Court to disqualify Light from representing the county, two motions filed in Pittsylvania County Circuit Court — one on March 26, the other on March 29 — for sanctions against Light, and another motion

filed March 29 in Pittsylvania County General District Court for sanctions against Light.

In the motion to disqualify, Hudson, representing Smith, states that Light, whose duty is to review minutes of all board meetings before approval by the board, filed a false correction of minutes from an Oct 6, 2008, public hearing to Circuit Court on April 20, 2009, falsely claiming the corrections were approved by supervisors on April 6, 2009, in the midst of a previous lawsuit filed by Smith that was later dismissed.

"The 'corrected' minutes which Mr. Light filed with the Circuit Court on April 20, 2009, are nowhere found in published minutes of the April 6, 2009, regular meeting of the Board of Supervisors, that were published in the May 4, 2009, board packet," Hudson states in the motion.

Hudson claims Light will either be a "necessary witness" on behalf of the board or try to "assert his personal knowledge of 'facts' not of record while acting as counsel." Hudson asks for Light's disqualification to "secure a fair trial."

The motions for sanctions filed in Circuit Court are on behalf of Smith, Maute, Stanhope, Lester and Gibson. The motions in Circuit Court are asking that the court order Light to pay attorney fees for the plaintiff, with one alleging that Light "colluded and conspired" with the board to "perpetrate a fraud" on the courts, filing false pleadings and affidavits to Circuit Court in November 2008 and December 2008, and certified a fraudulent bond resolution to the Clerk of Court in a motion filed during a previous lawsuit against the county by Smith. Hudson alleges that Light falsely claimed the RIFA board — not the Board of Supervisors — issued $4.19 million in bond notes for the mega park on Nov. 17, 2008, and states falsely that it was backed by a support agreement between the county and RIFA. Hudson alleges RIFA never authorized issuance of the bonds and that the support agreement is fraudulent.

In a previous action against the county, Smith and Hudson, believing that RIFA had issued the bond notes and had a support agreement with the county, had contested the bond in Circuit Court and the Virginia Supreme Court. Hudson says in the motion for sanctions that she and Smith would never have pursued such action if they knew the documents were fraudulent.

In another motion for sanctions filed in Circuit Court, Hudson and Smith ask that Light be sanctioned for "perpetrating a fraud on the court" by filing copies of two resolutions to the court, which were adopted in the closed meeting on March 1. The resolutions' contents were never disclosed in a public meeting, and are therefore fraudulent, Hudson alleges.

In a third motion for sanctions filed in Pittsylvania County General District Court, Hudson — on behalf of Smith, Maute, Lester, Stanhope and Gibson — asks for sanctions be brought against Light for filing of the copies of the two resolutions in Circuit Court. The plaintiffs allege Light cited Virginia law to justify keeping the two resolutions' content from the public and perpetrated a fraud.

GoDanRiver.com © Copyright 2011 Media General Communications Holdings, LLC. A Media General company.

http://www2.godanriver.com/news/2010/may/11/judge_to_pittsylvania_county_board_follow_the_rule-ar-269294/



Published: May 11, 2010

Home / news / local /

# Judge to Pittsylvania County board: Follow the rules

## By Susan Elzey

A judge has ruled against the Pittsylvania County Board of Supervisors and ordered them to follow the rules from now on.

In a decision handed down Friday in Chatham, General District Court Judge Frank Greenwalt ruled the Pittsylvania County Board of Supervisors violated Virginia's Freedom of Information Act when the members went into closed-door meetings on April 6, 2009, and March 1 of this year.

The hearing focused on a lawsuit filed by Nancy Barbour Smith in Pittsylvania County General District Court in March. The lawsuit claims the Pittsylvania County Board of Supervisors violated Virginia's FOIA when the board discussed appointments to the Regional Industrial Facility Authority board during a closed meeting March 1, then discussed during another closed meeting April 6, 2009, the amending of minutes from an Oct. 6, 2008, public meeting.

The lawsuit charges at the March 1 meeting, the board went into closed session and returned to an open meeting later to announce they had adopted two resolutions without publicly revealing their contents. Smith argued a resolution or motion adopted in closed session must be voted on in open session and reasonably disclosed in order to be valid.

Greenwalt's ruling Friday agreed, stating the motion to enter a closed session was "defective in that it does not contain an explanation of the subject matter, nor the purpose of the meeting" as required of a public body by Virginia law.

"We're very pleased," Barbara Hudson, the plaintiff's attorney, said Monday.

Greenwalt also issued a writ of mandamus, mandating that "the Board of Supervisors follow existing law regarding requirements set forth by the Virginia Freedom of Information Act."

The ruling further stated "the repetition of errors in this regard over a time frame of almost a year leads to the conclusion that it is reasonable to emphasize the importance of strict compliance with the law in such matters."

Hudson said the Board of Supervisors is now under a court order to strictly follow the Code of Virginia as it relates to closed meetings.

"In all the years FOIA has been in existence since 1968, I don't know of a single case that a writ of mandamus in a FOIA case has been granted," Hudson said.

Greenwalt also determined that Hudson had "substantially prevailed" in the matter and awarded her attorney fees and costs, which, Hudson said, added up to $6,750 in fees and $53 in court costs.

However, Greenwalt stated that no evidence had been presented that had led him to conclude the violations were "willful and knowing on the part of any member" of the Board of Supervisors. He denied the motion for penalties against any of the members.

In a related case, a group of Pittsylvania County residents filed a lawsuit against the Board of Supervisors on Feb. 19 in Pittsylvania County Circuit Court, accusing the three people who chaired the Board of Supervisors since 2006 of illegally appointing county supervisors to the Danville-Pittsylvania County Regional Industrial Facility Authority board.

The lawsuit, filed by county residents Smith, Karen Maute, Andrew Lester, George Stanhope and Carolyn A. Gibson, claims the appointment of county supervisors to the RIFA board violated the state's Constitution requiring the entire Board of Supervisors — and not just the chairman — make appointments to RIFA.

With Friday's ruling, Hudson said she will certainly raise the issue in the related lawsuit that if the closed meetings violated state law and were not rightly convened, then according to the law, the appointments made during those meetings are null and void.

GoDanRiver.com © Copyright 2011 Media General Communications Holdings, LLC. A Media General company.



Judge says supervisors violated Freedom of Information Act

Print Page

*By TIM DAVIS/Star-Tribune Editor*

A judge ruled Friday that the Pittsylvania County Board of Supervisors violated Virginia's Freedom of Information Act and awarded $6,750 in legal fees to Nancy Barbour Smith of Axton, who filed the complaint.

Retired Martinsville General District Court Judge J. Frank Greenwalt also ordered supervisors to comply with the law in the future.

"The fundamental principle is that the business of government should be public business," the judge said.

Smith, a candidate for the Board of Supervisors in 2007, has repeatedly sued the county over a proposed 4,000-acre "mega" industrial park on Berry Hill Road west of Danville.

Her FOI complaint alleged supervisors held improper closed meetings on March 1, 2010, and April 6, 2009.

She claimed supervisors violated the law on March 1, when, after a closed meeting, the board voted 7-0 to adopt resolutions ratifying appointments to the Danville-Pittsylvania County Regional Industrial Facilities Authority.

The authority, which includes members of the Board of Supervisors and Danville City Council, owns the mega park.

'Public's business'

Smith's attorney, Barbara Hudson of Chatham, said public appointments to any board should have been discussed in open, not in secret.

Smith also claims supervisors violated the law last April when they met behind closed doors to correct minutes of the Oct. 6, 2008, board meeting.

The law allows public officials to go behind closed doors - excluding the public and media - to discuss personnel matters, the sale or purchase of property, and legal matters pertaining to actual or probable litigation.

Supervisors cited the legal exemption at both meetings and went into closed session to discuss previous lawsuits filed by Smith, who has waged a court battle against the mega park for two years.

Hudson said supervisors should have disclosed they were going behind closed doors to discuss Smith's

lawsuit, which questioned appointments to regional authority.

"They never gave a reason why they were going in closed session. They withheld this information from the public," Hudson said.

"Ratifying appointments that have been previously made is not exempt. These are public appointments.

"FOI is very clear: the public's business must be done in public," she said.

"These are public functions of a public body. For them to go into closed session and secretly ratify appointments and amend minutes is wrong."

FOI violation

Greenwalt, who was appointed by the Virginia Supreme Court to hear the complaint after Pittsylvania County General District Court Judge George Jones disqualified himself in March, admitted it was a complicated case.

Also noting it was his first FOI case, the judge said he spent nearly 40 hours reading legal briefs and reviewing case law.

Greenwalt listened to more than two hours of testimony in April before taking the case under advisement.

On Friday, he sided with Smith.

"The problem is there was no mention of the subject matter and no mention of the purpose of the meeting," the judge said.

Greenwalt pointed out that for public officials to go into closed session, they have to do three things: state the purpose of the closed meeting, identify the subject matter, and recite the specific legal exemption.

Supervisors only cited the legal exemption. They did not state the purpose of the closed meeting or identify what they planned to talk about behind closed doors, the judge said.

"The language in the motion was missing two out of the three requirements," Greenwalt said.

"It may have been inadvertent, but whether it was inadvertent doesn't matter.

"My conclusion is they fell short in the motion. That's a violation."

Although Greenwalt cited the procedural error, he did not say supervisors violated the law by discussing legal matters related to the minutes or appointments to the regional authority in closed session, which were alleged in Smith's complaint.

None of the seven supervisors testified in the case.

"There's no direct evidence that anything that went on in closed meeting violated the Freedom of Information Act," the judge said.

County's side

John Light, the county's long-time attorney, and Richmond lawyer John Gibney represented the Board of Supervisors.

Gibney pointed to a Virginia Supreme Court ruling that said officials are not required to disclose the subject when discussing pending or probable litigation or consulting with an attorney.

"That only makes sense, judge," Gibney pleaded. "You don't have to say exactly what you're going in there for. Otherwise, you've undone the attorney-client privilege."

Penalties

Greenwalt stopped short of penalizing individual supervisors. The judge could have fined each between $250 and $1,000 if he had determined they knowingly violated the Freedom of Information Act.

However, the judge did award Smith legal fees and court costs.

Hudson said she spent 52 hours on the case at $200 an hour, and submitted a handwritten bill for $10,400, calling it a "conservative estimate."

Gibney objected and asked to see Hudson's time sheets and computer records, which were at her home about six miles outside Chatham. The judge ordered her to get them.

The county's attorneys also questioned whether Hudson represented Smith "pro bono," or for free.

If that were true, noted the judge, Smith would not be entitled to attorney's fees.

Hudson said she hasn't charged Smith for previous cases, but expected to be paid for the FOI complaint. The two did not have a written contract, however.

When Hudson returned with the time sheets, Greenwalt scrutinized them before awarding Smith $6,750.

The judge approved $200 an hour for court time, $150 an hour for research, and $100 hour for filing and other legal services.

Pleased with verdict

Hudson and Smith hugged after the verdict.

"Public business should be done in public," said Smith. "The public loses trust in the folks we elect to represent us when they don't do things by the law."

The county can appeal Greenwalt's decision to circuit court, but Light said that would be up to supervisors.

Back in court

Smith and Hudson will be back in court later this month over a complaint filed in February claiming the board's chairmen made improper appointments to the regional authority from 2006 through 2010.

According to Hudson, appointments to the authority should have been voted on by the full board.

Other plaintiffs in the case include Karen B. Maute, Andrew Lester, George Stanhope and Carolyn

Gibson.

Light said the lawsuits are designed to harass and delay the county and regional authority.

He said Smith's court actions have cost taxpayers' $200,000, and wants the judge to consider sanctions, attorney's fees and costs against Hudson, Smith and other plaintiffs.

In the meantime, Hudson has asked Pittsylvania County Circuit Court Judge Charles J. Strauss to recuse, or disqualify, himself and have another judge appointed to decide the case.

Strauss has heard all of the previous circuit court lawsuits.

A hearing is schedule May 25 in Chatham.

tim.davis@chathamstartribune.com

434-432-2791

---

Copyright © 2011 www.wpcva.com

http://www2.godanriver.com/news/2010/may/21/county_wont_appeal_foia_ruling-ar-269020/



Published: May 21, 2010

Home / news / local /

# County won't appeal FOIA ruling

**By John Crane**



The Pittsylvania County Board of Supervisors has decided not to appeal a ruling against it, with its chairman saying the board should move on.

General District Court Judge Frank Greenwalt ruled on May 7 that the board violated Virginia's Freedom of Information Act when it went into closed-door meetings on April 6, 2009, and March 1 of this year.

"We felt like we didn't really lose that much and we've got several other suits with them pending," said Board Chairman and Chatham-Blairs Supervisor Hank Davis said of the 5-1 vote Tuesday night to withdraw its appeal filed last week.

The board's vote came after discussion during a closed meeting Tuesday night in Chatham.

Axton resident Nancy Barbour Smith filed a lawsuit against the board in Pittsylvania County General District Court in March. Smith alleged the board violated FOIA when supervisors discussed appointments to the Danville-Pittsylvania Regional Industrial Facility Authority board during a closed meeting March 1, and discussed during another closed meeting April 6, 2009, the amending of minutes from an Oct. 6, 2008, public meeting.

Smith charged the board went into closed session on March 1 and returned to open session later to announce they had adopted two resolutions without publicly revealing their contents. Smith argued a resolution or motion adopted in closed session must be voted on in open session and reasonably disclosed in order to be valid.

Greenwalt's May 7 ruling backed up Smith's claims, stating the motion to enter a closed session was "defective in that it does not contain an explanation of the subject matter, nor the purpose of the meeting" as required by Virginia law.

Greenwalt had also issued a writ of mandamus, mandating the Board of Supervisors to follow the state's FOIA. Greenwalt cited the board's repetition of mistakes over nearly a year as reason to stress the importance of stringent compliance with state law.

Greenwalt awarded Smith her attorney fees and costs, which totaled $6,750 in fees and $53 in court costs.

However, Greenwalt stated that no evidence presented led him to conclude the violations were "willful and knowing" on the part of the board. He denied the motion for penalties against individual members.

Tunstall Supervisor Tim Barber, the board's vice chairman, voted against withdrawing the appeal.

"It wasn't clear (in the judge's statements) that we did anything wrong," Barber said Thursday.

Barber said Smith and her attorney, Barbara Hudson, are blocking the county's efforts to bring jobs to the community and are "against trying to do anything positive in this county."

"We need to move forward and create jobs," Barber said.

Hudson said the public has the right to open and honest government.

"That's all we're after," she said.

In a related case, a group of county residents filed a lawsuit against the Board of Supervisors on Feb. 19 in Pittsylvania County Circuit Court, accusing the three people who have chaired the board since 2006 of illegally appointing county supervisors to the Danville-Pittsylvania County Regional Industrial Facility Authority board.

The lawsuit, filed by Smith, Karen Maute, Andrew Lester, George Stanhope and Carolyn A. Gibson, alleges the appointment of county supervisors to the RIFA board violated the state's Constitution requiring the entire board — and not just the chairman — make appointments to RIFA. That lawsuit is still pending.

Susan Elzey contributed to this story.

GoDanRiver.com © Copyright 2011 Media General Communications Holdings, LLC. A Media General company.

http://www2.godanriver.com/news/2010/may/27
/pittsylvania_county_residents_want_judge_removed_f-ar-268870/



Published: May 27, 2010

Home / news / local /

# Pittsylvania County residents want judge removed from lawsuit

## By John Crane

A group of residents suing the Pittsylvania County Board of Supervisors wants a judge to recuse himself from the case.

Nancy Barbour Smith, Karen Maute, Andrew Lester, George Stanhope and Carolyn A. Gibson asked Pittsylvana County Circuit Court Judge Charles J. Strauss to recuse himself in court Tuesday. The plaintiffs' attorney, Barbara Hudson, says her clients don't believe Strauss would be partial toward the Board of Supervisors, but his presiding over the case could create the appearance to the community.

"The public may not perceive that everyone is playing on a level court," Hudson said during an interview Wednesday, adding that her clients are not "judge-shopping."

The lawsuit charges the appointment of county supervisors to the RIFA board violated the state's Constitution requiring the entire board — and not just the chairman — make appointments to RIFA. It was filed Feb. 19 in Circuit Court, accusing the three people who have chaired the board since 2006 of illegally appointing county supervisors to the Danville-Pittsylvania Regional Industrial Facility Authority board. RIFA owns the 3,700-acre Berry Hill Road industrial mega park site in southwestern Pittsylvania County.

John Gibney, an attorney retained by the board in the case, said just because government is involved in litigation doesn't mean there is an appearance of conflict of interest.

If Strauss recuses himself from the case, the Virginia Supreme Court would appoint a judge from outside the district, Hudson said. No date has been set for the judge's decision, Gibney said.

In a related case, a judge ruled earlier this month in Pittsylvania County General District Court that the board violated Virginia's Freedom of Information Act when it went into closed-door meetings on April 6, 2009, and March 1 of this year.

Smith filed the lawsuit against the board in March, alleging the board violated FOIA when supervisors discussed appointments to the RIFA board during a closed meeting March 1, and discussed during

another closed meeting April 6, 2009, the amending of minutes from an Oct. 6, 2008, public meeting.

Smith charged the board went into closed session on March 1 and returned to open session later to announce they had adopted two resolutions without publicly revealing their contents. Smith argued a resolution or motion adopted in closed session must be voted on in open session and reasonably disclosed in order to be valid.

GoDanRiver.com © Copyright 2011 Media General Communications Holdings, LLC. A Media General company.

http://www2.godanriver.com/news/2010/jun/10/mining_regulated_but_to_little_avail-ar-268473/



Published: June 10, 2010

<u>Home</u> / <u>news</u> / <u>opinion</u> / <u>mailbag</u> /

# Mining regulated, but to little avail

### By The Editorial Board

To the editor:

Now we have another academic chiming in, not only about how safe uranium mining will be in Pittsylvania County, but also how we are all protected in the event that uranium mining in Pittsylvania County is not safe. ("Facts About Mining Refute Fears," H.L. Dodds, Register & Bee, June 6).

We have all these government agencies, says Dodds — the Nuclear Regulatory Commission, the Environmental Protection Agency, Mine Safety and Health Administration, the Occupational Health and Safety Administration — protecting us from contamination that won't even occur because uranium mining and milling "is one of the most heavily regulated industries in the United States."

And if the National Academy of Sciences, now being paid by Virginia Uranium to assess the safety of uranium mining in Pittsylvania County, should be given our "full trust and confidence," according to Dodds, why does that agency need the gratuitous endorsement of a University of Tennessee engineering prof? Where's the Harvard, where's MIT, where's Cal Tech?

As for "heavily regulated industries:" we've known for a long time that coal mining was a heavily regulated industry. We believed that oil drilling was a heavily regulated industry. We thought that banks and the stock markets were heavily regulated industries. We thought that automotive safety was a heavily regulated industry.

And as a nation, collectively we go to the funerals and we mourn the losses that occur with astounding and calamitous frequency in these "heavily regulated industries." No sooner have we buried 29 coal miners working in their "heavily regulated coal mining industry" in West Virginia than we are off to the Gulf of Mexico to watch, in slow motion, the deaths of entire ecosystems from the "heavily regulated" offshore oil drilling industry.

And sooner or later, and mostly later, we learn that these "heavily regulated industries" have been "regulated" by political appointees, by representatives from the very industries they are supposed to be regulating, and by government employees ready to hop on board the payrolls of the industries they are regulating. (And, in the case of the Securities and Exchange Commission, we also have the lazy and the stupid accruing pension time watching internet porn while the nation's economy crumbled.

So what we need to know now — more important than an NAS study, more important than names of legislators off to France on Virginia Uranium's nickel, more important that the socio-economic studies by independent agencies — the most important information the public needs now are the names of the Virginia politicians or their families who hold financial interest in Virginia Uranium stock or stock options.

The recent and inadvertent disclosure by Buddy Mayhew, a member of the tobacco commission, that he owns stock in Virginia Uranium and didn't consider that to be a conflict of interest in voting on whether to allocate $200,000 for a commission-sponsored socio-economic study of uranium mining in Pittsylvania County (to compete with private studies), should set off alarm bells.

The voting public has the right to full disclosure of the economic interests of the politicians who will be making the final determination on whether the uranium mining moratorium will be lifted. Any study can get gotten around. The NAS study will not be conclusive or dispositive.

Whether uranium mining will happen in Pittsylvania County will be a political decision, regardless of the known and unknown health and safety hazards. Uranium mining is a "heavily regulated agency" precisely because it is a danger to health and safety.

So the public needs to know, now, which of their elected Virginia representatives will be voting their own pockets when it comes to uranium mining.

BARBARA HUDSON

Chatham

GoDanRiver.com © Copyright 2011 Media General Communications Holdings, LLC. A Media General company.

http://www2.godanriver.com/news/2010/jun/25/proponents_took_unfair_advantage-ar-268039/



Published: June 25, 2010

Home / news / opinion / mailbag /

# Proponents took unfair advantage

### By Published by The Editorial Board

Leave it to Virginia Uranium to try to stack the already stacked-deck in favor of uranium mining here. While members of the public were invited to sign up to speak their three-minute pieces at the uranium subcommittee hearing at Chatham High School Tuesday night, the proponents of Virginia Uranium had already gotten their head start.

Well before 5 p.m., they signed up the first twenty, three-minute spots, for 20 VUI speakers. That's 60 minutes of hearing time, just about enough minutes for the media to have filmed their clips and left.

And the subcommittee members, sitting up there on the stage, just sat there like nothing was amiss.

And so what? So what if they vote to lift the moratorium on uranium mining?

We'll be going to the polls in 2011. That election will be a biggie. Not because it's a presidential election, or a gubernatorial election, but because right here in Pittsylvania County, we'll be electing the seven members to the Pittsylvania County Board of Supervisors.

And when those suits in Richmond decide it's a great idea to turn Pittsylvania County into a uranium pit mine, it will be the new county Board of Supervisors, taking office in 2012, who will have the real power to allow — or not allow — uranium mining in Pittsylvania County.

*BARBARA HUDSON*
Chatham

GoDanRiver.com © Copyright 2011 Media General Communications Holdings, LLC. A Media General company.

http://www2.godanriver.com/news/2010/jul/23/judge_appointed_to_hear_lawsuit_against_pittsylvan-ar-410813/



Published: July 23, 2010

Home / news / local /

# Judge appointed to hear lawsuit against Pittsylvania County board

### By John Crane

CHATHAM — A judge has been appointed to replace the Pittsylvania Circuit Court judge who recused himself from the case involving a group of residents who filed a lawsuit against the Board of Supervisors in February.

Twenty-Second Circuit Chief Judge Joseph W. Milam appointed Franklin Circuit Court Judge William N. Alexander to replace Circuit Court Judge Charles J. Strauss, who recused himself in June after the plaintiffs asked him to in court last month.

The lawsuit, filed by Nancy Barbour Smith, Karen Maute, Andrew Lester, George Stanhope and Carolyn A. Gibson, charges the appointment of county supervisors to the Danville-Pittsylvania Regional Industrial Facility Authority board violated the state's constitution requiring the entire board — and not just the chairman — make appointments to RIFA.

The lawsuit was filed Feb. 19 in circuit court, accusing the three people — Kate Berger, Coy Harville and Hank Davis, who have chaired the board since 2006 — of illegally appointing county supervisors to board. RIFA owns the 3,700-acre Berry Hill Road industrial mega park site in southwestern Pittsylvania County.

The plaintiffs' attorney, Barbara Hudson, said Alexander "has always been an excellent judge.

"We very much appreciate his willingness to take this case," Hudson said Thursday.

Strauss recused himself because he and Berger attend the same church and participate in the same Sunday school class.

The plaintiffs' attorney, Barbara Hudson, said last month her clients never believed Strauss would be biased toward the Board of Supervisors, but his presiding over the case could create the appearance to the public.

Strauss, however, had stated in his recusal letter that the plaintiffs' arguments of public perception of

bias were "without merit."

GoDanRiver.com © Copyright 2011 Media General Communications Holdings, LLC. A Media General company.

http://www2.godanriver.com/news/2010/jul/26/economic_development_is_hard_work-ar-410731/



Published: July 26, 2010

Home / news / opinion / mailbag /

# Economic development is hard work

## By GoDanRiver Staff

To the editor:

I have this message for Citizens for Jobs: This country has always been a land of opportunity. We used to be a proud people, proud of our "can-do" spirit, our independence, our inventiveness and our entrepreneurial cleverness. Our great economy has been the result of millions of small businesses that multiplied and thrived and gave rise to other businesses that did the same thing.

But what happened in Southside Virginia?

Instead of the entrepreneurial spirit that gave rise to so many years of prosperity in other parts of the United States, instead of a belief in economic development that depended on education and entrepreneurial inventiveness, Southside Virginians settled for hourly jobs in mills and factories.

"It was a good life," the Citizens for Jobs tell us.

And now, still without realizing that education, inventiveness and entrepreneurial skills are fundamental to economic prosperity, the members of Citizens for Jobs come to the Pittsylvania County Board of Supervisors asking local government to create for them a planned economy, demanding that government, using millions of dollars in citizens' tax dollars, find more mills and more factories to work in, so that they will forever be beholden to government for securing employment for themselves and their progeny. That is not the American way.

If Citizens for Jobs is truly concerned about the sorry economic conditions in Southside Virginia, they should start by attending more than one hour of a Board of Supervisors meeting. This local body has long been in dire need of adult supervision, in the absence of which the state judiciary has been asked to step in.

Citizens for Jobs might also become involved in considering the threat that uranium mining has to any potential economic growth, become involved in improving education in Pittsylvania County and become involved in demanding open, honest local government.

Creating a good and prosperous community comes from close attention and sustained effort, not from a private website and a one-hour political show.

BARBARA HUDSON

Chatham

GoDanRiver.com © Copyright 2011 Media General Communications Holdings, LLC. A Media General company.

http://www2.godanriver.com/news/2010/jul/27/resident_files_petition_against_pittsylvania_board-ar-410722/



Published: July 27, 2010

Home / news / local /

# Resident files petition against Pittsylvania board

## By John Crane

CHATHAM — A Pittsylvania County man has filed a petition against the Board of Supervisors accusing the board of violating the Freedom of Information Act.

George Stanhope, of Chatham, had submitted a FOIA request to the county June 21 asking for copies of invoices and cancelled checks relating to legal fees the Board of Supervisors paid to its attorney, John Light, in previous cases filed by Nancy Barbour Smith against the county in Pittsylvania Circuit Court.

General District Court Judge George A. Jones Jr. recused himself from the case Friday.

Pittsylvania County officials have estimated legal costs in response to lawsuits filed against the county since late 2008 are about $200,000.

Stanhope, who filed the petition for writ of mandamus in Pittsylvania County General District Court on July 20, accuses the county of not providing the requested copies of invoices but instead a list that "did not comply with my FOIA request."

"I am aggrieved because respondents (the Board of Supervisors) never informed me that information, such as which case was being billed (whether Case No. 08501 or Case 0185) and what the charges were for, were going to be missing from the information I requested," Stanhope alleges in an affidavit.

Stanhope's affidavit states he had to pay the county "unreasonable and excessive charges" — $304.81 — for the list.

Stanhope also states in his affidavit County Administrator Dan Sleeper told him the invoice sheets for two cases included "confidential information of billings of other attorney charges, and that the billings I requested would be separated from that and put on a separate paper."

Invoices submitted to the county by contractors — for payment of public money — are not confidential, so the county cannot expect their privacy, Stanhope argues.

Stanhope's attorney, Barbara Hudson, argues in the petition the board violated state law when it did not cite specifically the subject matter of the withheld records. Also, the board failed to show every one of

its 105 invoices paid to Light fall under exceptions under state law, the petition states.

The petition also states the county, in withholding copies of billing invoices submitted by Light, concealed fraudulent payments to Light and billings.

The petition asks that the court grant the petition of write of mandamus to mandate:

• The Board of Supervisors to produce all billing invoices for the two cases as requested, with court in-camera review of those invoices the county claims as exempt from FOIA.

• Review of all invoices from Light for fraudulent billings.

• The county refund the money charged to Stanhope for responding in violation of state law.

• Payment by the county for the petitioner's attorney fees and costs.

• The county obtain restitution to the county's general fund for payment of fraudulent billings by Light.

• Make a finding that the Board of Supervisors are in contempt of the court's writ of mandamus that was entered May 7, requiring the county to abide by FOIA. (General District Court Judge Frank Greenwalt ruled May 7 that the Pittsylvania County Board of Supervisors violated Virginia's Freedom of Information Act when the members went into closed-door meetings on April 6, 2009, and March 1 of this year.)

• Any other further relief the court deems appropriate.

A hearing is set for 10 a.m. Oct. 1.

---

GoDanRiver.com © Copyright 2011 Media General Communications Holdings, LLC. A Media General company.

http://www2.godanriver.com/news/2010/oct/20/perriellos-us-ar-573724/



Published: October 20, 2010

Home / news / opinion / mailbag /

# Perriello's for us

## By The Editorial Board

**To the editor:**

What a surprise at the Oct. 4 meeting of the Pittsylvania County Board of Supervisors. There was Supervisor James Snead, right out loud, in public, advocating, without a single "nay," that the county apply for federal dollars to pay for an upgrade of the county's 911 telephone system. Yes, here were the elected members of this dounty body, holding a hand out for a federal hand-out.

This poverty-pocket of Virginia has received plenty of federal and state hand-outs, but there's hasn't been much to show for it during the last eight years from the federal government. Yes, there was the Bush doughnut hole drug plan for seniors that proved to be a vast give-away to drug and insurance companies and a huge increase in the public tax burden. And yes, there was that huge Bush income tax break for the millionaires and billionaires who were supposed to trickle down some of their vast wealth to create jobs.

And what did Americans get? We got wealthier millionaires and billionaires and wealthier politicians, who left an American economy in shambles, left vast numbers of middle-class wage-earners jobless and left senior citizens with decimated retirement incomes.

And what did we get right here in Virginia? We got a constituency of angry Americans, whose interests were never represented by the Bush administration and who don't know where to place their anger. Do they have a right to be angry? Sure. I am, too.

But not at the Obama administration, which has been trying to stem the destruction it inherited from eight years of what I would call the rape of the American economy. Are the Democrats doing everything right? Probably not. But they're not doing everything wrong.

I applaud the effort to provide universal health care insurance; it needs improvement. The Wall Street bailout prevented a bigger catastrophe than we actually got; it needed improvement. The stimulus plan has been met with resistance from state governments that would rather see their residents without jobs and without unemployment compensation extensions, just to prove a political point and rouse the rabble into the streets and into the media.

Until Rep. Tom Perriello was elected to represent this district, I saw very little evidence of what my

congressional representative was doing for us, was never asked what I thought about his activities or how he could improve conditions in our district. I certainly never met him walking in the street in Chatham.

But I did meet Perriello walking in the street in Chatham, and I know it's Perriello who was instrumental in getting those dollars that Supervisor Snead is asking for, to improve the county's 911 phone system. And it's Perriello who was instrumental in getting those dollars to replace the Robertson Bridge over the Dan River that has been a traffic hazard since its original construction. And it's Perriello who has been willing to discuss and debate issues with his constituency (as we did in the street in Chatham) and with all other candidates.

I believe Perriello when he says he's working to bring one of the most important benefits to his constituency: jobs. I believe Perriello when he says he's working for us, because in just two years, he's done more for this district than some people 10 years in public office have accomplished.

**BARBARA HUDSON**

**Chatham**

---

GoDanRiver.com © Copyright 2011 Media General Communications Holdings, LLC. A Media General company.

http://www2.godanriver.com/news/2010/oct/20/chatham-man-appeals-foia-case-he-won-ar-576288/



Published: October 20, 2010

<u>Home</u> / <u>news</u> / <u>local</u> /

# Chatham man appeals FOIA case he won

### By John Crane

The Chatham man who won a Freedom of Information Act case against Pittsylvania County early this month is appealing the judge's Oct. 1 decision.

George Stanhope is appealing the ruling because the judge did not order the county to reimburse the $304 he had to pay for county documents.

Stanhope filed the appeal in Pittsylvania County Circuit Court on Oct. 12. The judge's decision not to order the county to pay him back could have a chilling effect for other citizens who may want to seek information from the county, Stanhope said Wednesday.

"I think that it was a bad example not getting the cost back … for other people who might want to file a FOIA request," Stanhope said. Some people may not be able to afford paying hundreds of dollars for county documents, he said.

Stanhope had submitted a FOIA request to the county June 21, asking for copies of invoices and cancelled checks relating to legal fees the Board of Supervisors paid to its attorney, John Light, in previous cases filed by Nancy Barbour Smith against the county in Pittsylvania County Circuit Court.

County officials estimated legal costs and other related expenses in response to lawsuits filed against the county since late 2008 are about $200,000. Stanhope said he filed the request because he wanted proof of that claim.

Retired 24th Judicial District Court Judge J.C. Crumbley III awarded Stanhope $1,000 in attorney fees and handed down a writ of mandamus — or court order — ordering the board to provide the requested invoices to Stanhope. However, Crumbley did not order the requested reimbursement of the fees Stanhope had to pay.

Stanhope's attorney, Barbara Hudson, said the judge's ruling was conflicting. Even though he handed down an order against the county, the judge did not order her client be reimbursed for fees he had to pay for county documents, she said.

Stanhope had filed the petition for writ of mandamus in Pittsylvania County General District Court on July 20, accusing the county of not providing the requested copies of invoices but instead a list that did

not comply with his FOIA request.

Stanhope said he had to pay the county "unreasonable and excessive charges" — about $304 — for the list and requested the judge order he be reimbursed.

The county finally provided the requested documents to Stanhope the day before the judge's Oct. 1 decision, Stanhope said.

Crumbley stated in the order Stanhope "substantially prevailed on the merits" of the case.

GoDanRiver.com © Copyright 2011 Media General Communications Holdings, LLC. A Media General company.

http://www2.godanriver.com/news/2010/nov/03/legal-filing-seeks-render-rifa-void-ar-629380/



Published: November 03, 2010

Home / news / local /

# Legal filing seeks to render RIFA void

## By John Crane

The group of citizens fighting the Pittsylvania County Board of Supervisors in court has fired another salvo challenging the legality of the county's ordinance that established the Danville-Pittsylvania Regional Industrial Facility Authority.

The group argues the court cannot rule in a case involving RIFA since RIFA has no legally recognizable status. But RIFA points to an Oct. 20 court order overruling the group's challenge to RIFA's legal standing.

In a brief filed on Oct. 25 in Pittsylvania County Circuit Court, the plaintiffs — Nancy Barbour Smith, Karen Maute, George Stanhope, Andrew Lester and Carolyn A. Gibson — argue RIFA has no legally recognizable status since the Board of Supervisors improperly enacted the ordinance in 2001 establishing RIFA. The board failed to give adequate and timely public notice before passing the ordinance, they argue.

The RIFA board has two members each — as well as one alternate each — from the Board of Supervisors and Danville City Council.

RIFA is the entity that develops city-county economic development projects using taxpayer money. RIFA owns the 3,700-acre Berry Hill Road industrial mega park site in southwestern Pittsylvania County, among other local projects.

According to state law, RIFA must have two governing bodies. But the county, since it improperly passed the ordinance, is not a legally recognizable member of RIFA, the plaintiffs argue.

Therefore, the court has no legal jurisdiction over RIFA and cannot rule in a case involving the authority, the citizens argue in the brief. The Oct. 25 brief was filed in response to a motion for summary judgment and motion to dismiss filed by RIFA.

"The lack of subject matter jurisdiction cannot be waived and such jurisdiction cannot be conferred on a court by the litigants," the plaintiffs' attorney, Barbara Hudson, states in the brief. "… A judgment or order entered by a court that lacks jurisdiction of the subject matter is a nullity."

However, John Light, attorney for the Board of Supervisors, said Hudson has signed a consent order

agreeing to allow RIFA to join in the lawsuit.

"It seems to me she's (Hudson) saying inconsistent things," Light said Wednesday. "It makes you wonder why she's doing this."

In addition, the court overruled the plaintiffs' challenge against RIFA's standing in the case on Oct. 20, according to a Monday response from RIFA.

The plaintiffs also argue supervisors failed to give adequate public notice before they passed the ordinance establishing RIFA in 2001. The Board of Supervisors published the notices in the Danville Register & Bee, instead of their usual practice of publishing in the Chatham Star-Tribune, located in the county's seat.

"Failure to publish notice in the Star-Tribune is consonant with intent to avoid giving fair notice to parties in interest," the plaintiffs state in their Oct. 25 brief.

However, the plaintiffs "have now conceded" that notice published in the Danville Register & Bee satisifes statutory requirement, RIFA's attorney, Glenn Pulley states in RIFA's Monday response.

"Plaintiffs do not dispute that the Danville Register & Bee meets the requirements ..." the response states. "Therefore, the assertion that publication in that newspaper does not give fair notice to the residents of Pittsylvania County is without merit."

Pulley could not be reached for comment Wednesday.

The group of citizens is suing the Board of Supervisors and wants the county's ordinance that established RIFA declared void. They initially filed a lawsuit on Feb. 19 alleging that the appointment of county supervisors to the RIFA board violated the state's Constitution requiring the entire board — and not just the chairman — make appointments to RIFA.

RIFA intervened in the case after its board voted in August to hire Clement & Wheatley to represent it.

---

GoDanRiver.com © Copyright 2011 Media General Communications Holdings, LLC. A Media General company.

http://www2.godanriver.com/news/2010/dec/03/4/judge-dismisses-rifa-lawsuit-against-ar-693139/



Published: December 03, 2010
Updated: December 03, 2010 - 7:41 PM

<u>Home</u> / <u>news</u> / <u>local</u> /

# Judge dismisses RIFA lawsuit against county

## By Tara Bozick



ROCKY MOUNT — On Friday, Franklin County Circuit Court Judge William N. Alexander II dismissed a lawsuit against the Pittsylvania County Board of Supervisors regarding the creation of and appointments to the Danville-Pittsylvania Regional Industrial Facility Authority.

"The Board of Supervisors prevailed on every issue," said Pittsylvania County Attorney John Light.

Attorney Glenn Pulley, representing the RIFA board, said he hopes the dismissal allows RIFA to move forward with its plans, which slowed because of the litigation.

RIFA — whose board comprises members from the Board of Supervisors and Danville City Council — owns the 3,700-acre Berry Hill Road industrial mega park in southwestern Pittsylvania County.

Pittsylvania County residents Nancy Barbour Smith, Karen Maute, Andrew Lester, George Stanhope and Carolyn A. Gibson, represented by Chatham attorney Barbara Hudson, filed a lawsuit against the

Board of Supervisors in February.

"I'm not surprised," Smith about the outcome.

"Disappointed but not surprised," Hudson added.

Alexander sided with the Board of Supervisors when he ruled on three points raised in the residents' lawsuit and at Friday's trial in Rocky Mount.

Alexander, citing the state Constitution, said it allowed a chairman or mayor to appoint members to such a board. Hudson argued that the Board of Supervisors, not just the board chairman, should have been appointing supervisors to the RIFA board.

Alexander said the Board of Supervisors gave proper public notice before adopting the ordinance creating RIFA. Hudson argued RIFA was void because not enough public notice about the ordinance was given.

Alexander ruled that the plaintiffs didn't carry the burden of proof when arguing state law is unconstitutional regarding the rule that RIFA board members must be members of the appointing governing body of the city or county in the local planning district. Most of the state's planning districts allow residents to serve on RIFA boards.

Also during the trial, Danville City Clerk Annette Crane, who also serves as the clerk for RIFA, testified that she made a mistake in typing minutes for a Nov. 17, 2008, RIFA board meeting. She said after reviewing her handwritten notes, the minutes should have included the motion, second and vote to approve a bond resolution.

The board later approved her amended minutes. Pulley said he saw the signed resolution behind the minutes in the minute book and asked why it wasn't in the minutes, which prompted the review.

*Bozick is a staff writer for the Danville Register & Bee.*

GoDanRiver.com © Copyright 2011 Media General Communications Holdings, LLC. A Media General company.

http://www2.godanriver.com/news/2010/dec/15/group-claims-rifa-minutes-fraudulent-rifa-asks-san-ar-718807/



Published: December 15, 2010

Home / news / local /

# Group claims RIFA minutes fraudulent; RIFA asks for sanctions

### By Denice Thibodeau

A group of Pittsylvania County residents are continuing their battle against the Regional Industrial Facility Authority and the Pittsylvania County Board of Supervisors, filing a motion that claims an amendment to RIFA's Nov. 17, 2008 minutes is fraudulent.

The residents — Nancy Barbour Smith, Karen Maute, Andrew Lester, George Stanhope and Carolyn A. Gibson — filed a motion Friday claiming testimony given by Danville City Clerk Annette Crane at a Dec. 3 trial was false.

Crane testified at the trial the original minutes of the Nov. 17, 2008 meeting were incorrect, and she inadvertently failed to include the addition of the issuance of a $13 million bond, which was added to the agenda at the meeting.

Crane testified the error was discovered this past September, when Glenn Pulley, attorney for RIFA, noticed it and asked her to correct the minutes, which she did.

The plaintiffs, represented by Chatham attorney Barbara Hudson, claim adding a bond resolution to an already set agenda is illegal, that changes made to the minutes are still incorrect and fraudulent and asks the court to reverse the Dec. 3 dismissal of a lawsuit against RIFA due to the "false documents and testimony."

In an interview, Hudson said the group's mission in the series of lawsuits against the county and RIFA is to have "open, honest, transparent government."

Hudson said RIFA "operates outside public view … we don't know what's going on; everything's done without the knowledge of the taxpayers."

Hudson praised her clients, noting, "We can't believe a thing they (RIFA) say; nobody is watching them but my five clients."

Pulley, however, filed a response to the motion Tuesday morning calling the group's motion to the court

"without merit" and wrote in a court document that the motion filed by the five plaintiffs was in "bad faith without any purpose other than to malign Annette Crane, the undersigned council, and the members of RIFA who voted on the bond resolution in 2008 and the 2010 resolution amending the minutes of the 2008 meeting."

Pulley's pleading states that the court on Dec. 3 accepted Crane's testimony and "made it very clear to plaintiffs' counsel that the ruling was against her."

The court also, Pulley wrote, gave Hudson "latitude" to cross-examine Crane and present her "conspiracy theories" to the court.

The court found no impropriety in Crane's explanation of events leading up to the amendment to the minutes and found that the bond resolution was lawfully adopted, Pulley states in the pleading, and the court barred the plaintiffs from filing litigation challenging those decisions.

Pulley writes that the latest motion filed by the plaintiffs ignores the court's decision.

The attorney is asking the court to sanction the plaintiffs and Hudson, "for having maliciously publicized in the public record of this case, an allegation of fraud on the court which has absolutely no basis in fact or in law and which is clearly motivated by spite and disrespect for not only the undersigned counsel and his client, but for the court itself."

A date has not been set for hearing the latest filings.

GoDanRiver.com © Copyright 2011 Media General Communications Holdings, LLC. A Media General company.

http://www2.godanriver.com/news/2011/jan/06/republican-agenda-ar-755711/



Published: January 06, 2011

Home / news / opinion / mailbag /

# The Republican agenda?

## By The Editorial Board

**To the editor:**

Bill Stanley, the Republican candidate running for state senator from this district, disclosed some of what is on the conservative Republican agenda for the future of our county and our country on Dec. 30 at a meeting of Republicans and friends in Chatham.

One of his ideas is to attract high-tech companies to take advantage of the county's slowly expanding high-speed Internet access. Stanley said that LexisNexis (an Internet search engine that focuses on law and print media), now based in North Carolina, was looking to relocate and Stanley said that one of this area's growth potential is to attract such industries and the synergy they will create, bringing in other businesses.

And he's right about that. While our backward-looking Board of Supervisors and Danville City Council are busy spending our tax money on failed industrial parks — so far the county has nine of them — the idea of attempting to attract IT industries that could locate anywhere in the county or the city where high-speed internet access is available, is a good one.

But if Pittsylvania County is turned into an open-pit uranium mine, no clean industries will ever locate here.

**BARBARA HUDSON**

**Chatham**

GoDanRiver.com © Copyright 2011 Media General Communications Holdings, LLC. A Media General company.

http://www2.godanriver.com/news/2011/jan/18/judge-upholds-rifa-ruling-ar-783148/



Published: January 18, 2011

Home / news / local /

# Judge upholds RIFA ruling

## By Denice Thibodeau

ROCKY MOUNT — A group of Pittsylvania County residents suing the Regional Industrial Facility Authority and the county's Board of Supervisors lost in court Tuesday when a judge upheld his Dec. 3 decision to dismiss the group's lawsuit and ordered the five citizens to pay RIFA attorneys' fees for answering the motion.

Franklin County Circuit Court Judge William N. Alexander II rejected the latest motions filed by Chatham attorney Barbara Hudson for Nancy Barbour Smith, Karen Maute, Andrew Lester, George Stanhope and Carolyn A. Gibson.

At the hearing in Franklin County Circuit Court on Tuesday, Alexander began the proceedings by noting that there was no new evidence to prove that his Dec. 3 decision was wrong.

"I have reread everything and I do not think the court is in error in the way I decided this case," Alexander said, before stating that there would be no change in his orders.

The action claimed the chair of the Pittsylvania County Board of Supervisors illegally appointed members to the RIFA board, and that there was not enough public notice about the formation of RIFA.

Now-retired Danville City Clerk Annette Crane, who also was the clerk for RIFA, testified at the Dec. 3 trial there was an inadvertent omission in RIFA minutes regarding a bond referendum in 2008. The missing information, about a $13 million bond referendum, was in Crane's notes, which were on file, but were missed when she typed the official minutes. The error was found in 2010, and the minutes were corrected.

Seven days after Alexander dismissed the charges in December, Hudson filed a motion claiming "fraud on this court" as a result of "false testimony of Annette Crane."

Hudson claimed the 2008 bond resolution was fraudulent; the corrected minutes were fraudulent; the bond referendum was never on, or added to, the RIFA agenda on the November 2008 meeting date; and that RIFA was making false representations to the court.

Danville attorney Glenn Pulley responded to the motion, stating that the group's charges were "without merit."

"The motion has been filed in bad faith without any purpose other than to malign Annette Crane, the undersigned counsel, and the members of RIFA who voted on the bond resolution in 2008 and the 2010 resolution amending the minutes of the 2008 meeting," Pulley said in his response.

Alexander said Tuesday he was concerned about the fraud allegations, especially since the "factual evidence hasn't changed."

Pulley that the evidence and allegations were the same as at the Dec. 3 trial, and that he could see no basis for Hudson's allegations of fraud.

"I'm obligated to defend myself, and Ms. Crane has to explain herself to her friends," Pulley said, all for a motion that has "no basis."

John Light, the Board of Supervisor's attorney, supported Pulley's response, and backed his request for sanctions — and an injunction preventing the group from filing more lawsuits.

Hudson objected, saying none of the group's lawsuits or motions have ever been ruled frivolous.

Alexander said he would not invoke an injunction, and Light pointed out if the group were allowed to continue filling lawsuits, RIFA would continue to have difficulty obtaining bond financing.

Alexander said the group had been clear about its intention to appeal his decision to the Virginia Supreme Court; if the court rules in RIFA's favor then any further litigation from the plaintiffs would be considered frivolous.

Pulley also asked for an appeal bond of $50,000, and Alexander turned that request down, noting the Supreme Court would invoke a bond of at least $500 to hear the case.

Alexander did issue one sanction to the group, and called the fraud allegations frivolous.

"That bothers me," Alexander said, noting that the charges were filed shortly after his decision to dismiss the case, and "nothing new was presented today."

Alexander ordered the group to pay RIFA's attorney's fees for "solely this motion — what happened after this motion was filed … this motion should not have been filed."

---

GoDanRiver.com © Copyright 2011 Media General Communications Holdings, LLC. A Media General company.