IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| BARBARA HUDSON, | ) |
|     Plaintiff, | ) |
| | ) Civil Action No. 4:11cv043 |
| v. | ) |
| PITTSYLVANIA COUNTY, VIRGINIA and BOARD OF SUPERVISORS OF PITTSYLVANIA COUNTY, VIRGINIA, | ) By: Michael F. Urbanski<br>)     United States District Judge |
|     Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the court on defendants' Motion to Dissolve and/or Modify the Permanent Injunction Pursuant to Rule 60(b)(5) of the Federal Rules of Civil Procedure (Dkt. No. 103) in light of the May 5, 2014 decision of the United States Supreme Court in Town of Greece v. Galloway, 134 S. Ct. 1811 (2014).

### I.

Rule 60(b)(5) of the Federal Rules of Civil Procedure allows relief from a judgment on the grounds that "the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). "The significant portion of Rule 60(b)(5) is the final ground, allowing relief if it is no longer equitable for the judgment to be applied. This is based on the historic power of a court of equity to modify its decree in the light of changed circumstances." 11 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 2863 (2d ed. 1995). As Justice Cardozo stated in United States v. Swift & Co., 286 U.S. 106, 114 (1932), "[w]e are not doubtful of the power of a court of equity to modify an injunction in adaptation to changed conditions." One such changed circumstance is a change in controlling law. See Sys. Fed'n No. 91, Ry. Emp. Dep't, AFL-CIO v. Wright, 364 U.S. 642, 650 n.6 (1961) ("There are many cases where a mere change in decisional law

has been held to justify modification of an outstanding injunction."). Moreover, the Permanent Injunction Order in this case provides that the court "will retain jurisdiction over this matter for the purposes of enforcement of the injunction. . . ." Dkt. No. 84.

Because of the pending appeal in this case, however, the court may not simply proceed to rule on the Rule 60(b)(5) motion. "Generally, a timely filed notice of appeal transfers jurisdiction of a case to the court of appeals and strips a district court of jurisdiction to rule on any matters involved in the appeal." Doe v. Public Citizen, 749 F.3d 246, 258 (4th Cir. 2014). In Fobian v. Storage Technology Corp., 164 F.3d 887 (4th Cir. 1999), the Fourth Circuit Court of Appeals recognized a limited exception to this rule for matters "in aid of the appeal," and set forth a procedure the district court must employ in considering such Rule 60(b) motions.

> [W]hen a Rule 60(b) motion is filed while a judgment is on appeal, the district court has jurisdiction to entertain the motion, and should do so promptly. If the district court determines that the motion is meritless, as experience demonstrates is often the case, the court should deny the motion forthwith; any appeal from the denial can be consolidated with the appeal from the underlying order. If the district court is inclined to grant the motion, it should issue a short memorandum so stating. The movant can then request a limited remand from this court for that purpose.

Id. at 891. Under the procedure set out in Fobian, therefore, the court has jurisdiction to entertain defendants' Rule 60(b)(5) motion during the pendency of the appeal.

## II.

### A.

In Town of Greece, the Court disavowed reliance on dicta in County of Allegheny v. ACLU Greater Pittsburgh Chapter, 492 U.S. 573, 603 (1989), for the proposition that legislative prayer must be generic or nonsectarian. 134 S. Ct. at 1821. Central to the Court's decision in Town of Greece is the principle that the government, whether county officials or courts, ought not dictate the content of prayers offered at local government meetings. Following Town of Greece, the court is inclined to grant defendants' motion to modify the Permanent Injunction Order in this case to a

2

very limited extent, i.e., to make it clear, consistent with Town of Greece, that opening prayers offered at the start of Pittsylvania County Board of Supervisors meetings need not be generic or nonsectarian.

B.

The court would deny defendants' request to dissolve the injunction, however. The Court in Town of Greece recognized that "[t]he inquiry [concerning the proper scope of legislative prayer] remains a fact-sensitive one that considers both the setting in which the prayer arises and the audience to whom it is directed." Id. at 1825. Considering the facts of this case, which stand in stark contrast to those in Town of Greece, the court remains convinced that a modified injunction is appropriate and necessary to remedy a violation of the Establishment Clause.

There are several critical points of distinction between the facts of Town of Greece and the prayer practice of the Board of Supervisors of Pittsylvania County. First and foremost, unlike in Town of Greece, where invited clergy and laypersons offered the invocations, the Board members themselves led the prayers in Pittsylvania County. Thus, in contrast to Town of Greece, where the town government had no role in determining the content of the opening invocations at its board meetings, the government of Pittsylvania County itself, embodied in its elected Board members, dictated the content of the prayers opening official Board meetings. Established as it was by the Pittsylvania County government, that content was consistently grounded in the tenets of one faith. Further, because the Pittsylvania County Board members themselves served as exclusive prayer providers, persons of other faith traditions had no opportunity to offer invocations. Put simply, the Pittsylvania County Board of Supervisors involved itself "in religious matters to a far greater degree" than was the case in Town of Greece. 134 S. Ct. at 1822. In so doing, the prayer practice in Pittsylvania County had the unconstitutional effect, over time, of officially advancing one faith or belief, violating "the clearest command of the Establishment Clause . . . that one religious

3

denomination cannot be officially preferred over another." Larson v. Valente, 456 U.S. 228, 244 (1982).

Not only did the Pittsylvania County Board members determine the content of the opening prayers at Board meetings, the Board members often directed the assembled citizens to participate in the prayers by asking them to stand. For example, on September 20, 2011, the Pittsylvania County supervisor delivering the opening prayer directed: "If you don't want to hear this prayer, you can leave. Please stand up." Second Suppl. Decl. of Rebecca K. Glenberg, Dkt. No. 24, at ¶ 5. In Town of Greece, the majority opinion noted that such a request from the government makes a difference. 134 S. Ct. at 1826. ("The analysis would be different if town board members directed the public to participate in the prayers.").

In sum, the active role of the Pittsylvania County Board of Supervisors in leading the prayers, and, importantly, dictating their content, is of constitutional dimension and falls outside of the prayer practices approved in Town of Greece. Thus, while Town of Greece calls for a limited modification of the existing injunction in this case, it does not support its dissolution.

### III.

For these reasons, the court is inclined to grant defendants' Rule 60(b)(5) motion in part and deny it in part. The court cannot issue an Order modifying the existing injunction, even to a limited extent, however, given the pendency of the appeal in this case. Pursuant to the procedure outlined in Fobian, the parties may request a limited remand from the Fourth Circuit for this purpose.

Entered: August 4, 2014

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States District Judge