IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| BARBARA HUDSON | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 4:11-CV-43 |
| | ) | |
| v. | ) | |
| | ) | |
| PITTSYLVANIA COUNTY, VIRGINIA, | ) | By: Hon. Robert S. Ballou |
| ET AL., | ) | United States Magistrate Judge |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Barbara Hudson ("Hudson") filed a second motion for attorney fees in this Establishment Clause case, which has been referred to me for a Report and Recommendation. See Dkt. Nos. 111 & 115. Defendants filed no opposition to the motion; thus, pursuant to this court's pretrial order (Dkt. No. 12), the motion is considered well taken. The court is nevertheless charged with reviewing Hudson's attorney fee request for overall reasonableness. Having done so, I **RECOMMEND** that Plaintiff's Second Motion for Attorney Fees and Expenses be **GRANTED**, and that Hudson be awarded Twenty Thousand Eight Hundred Sixty One and 54/100 Dollars ($20,861.54) in attorneys' fees and expenses.

**I.**

Hudson brought this Establishment Clause lawsuit to challenge the practice of the Board of Supervisors of Pittsylvania County, Virginia ("the Board") of regularly opening its meetings with Christian prayers. Dkt. No. 1. On March 27, 2013, the court granted Hudson's motion for summary judgment, permanently enjoined the Board from the practice of opening its meetings

1

with sectarian prayer, and dismissed the case. Dkt. Nos. 83, 84, 85. The court also granted Hudson's request for attorneys' fees as the prevailing party, in the amount of $53,229.92, and retained jurisdiction for purposes of enforcing the permanent injunction. Dkt. No. 95.

Defendants appealed the permanent injunction and award of attorneys' fees to the United States Court of Appeals for the Fourth Circuit. Dkt. No. 97. Defendants also filed a motion to stay this court's proceedings pending a decision by the United States Supreme Court in a case titled The Town of Greece, New York v. Galloway, 134 S.Ct. 1811 (2014), which the court denied. Dkt. No. 98 &102. After the Supreme Court issued its opinion in Town of Greece, Defendants filed a motion to dissolve and/or modify this court's permanent injunction in light of the Supreme Court's ruling. Dkt. No. 103. The court denied the motion, finding that it lacked jurisdiction to entertain the motion during the pendency of the Fourth Circuit appeal. Dkt. No. 107.

On December 17, 2014, the Fourth Circuit issued a memorandum opinion dismissing Defendant's challenge to the permanent injunction as untimely and affirming the award of attorney's fees. Dkt. No. 107. Thereafter, Hudson filed this second motion for attorney fees, seeking an award of attorney fees and expenses in the amount of $20,861.54.

## II.

The Civil Rights Attorney's Fees Awards Act of 1976 provides that a prevailing party in certain civil rights actions may recover "a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988. The Supreme Court has directed that the purpose of §1988 is to ensure meaningful and effective access to the judicial system for persons with civil rights grievances, and thus, a successful plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." Hensley v. Eckerhart, 461 U.S. 424, 429,

2

Case 4:11-cv-00043-MFU-RSB   Document 123   Filed 05/08/15   Page 2 of 8   Pageid#: 2092

103 S. Ct. 1933, 76 L.E.2d 40 (1983). To qualify as a "prevailing party," the plaintiff must "obtain at least some relief on the merits of his claim." Farrar v. Hobby, 506 U.S. 103, 111, 113 S. Ct. 566, 121 L.E.2d 494 (1992). Hudson has continued to be the "prevailing party" in this matter, as she prevailed on all of the post-trial motions and appeal in this case. See Worldwide Network Services, LLC v. DynCorp Intern., LLC, No. 1:07cv627, 2010 WL 2933001, at *4 (E.D. Va. July 23, 2010). Thus, Hudson should be "fully compensated" for her legal expenses. Rum Creek Coal Sales, Inc v. Caperton, 31 F.3d 169, 175 (4th Cir. 1994); see also Hensley, 461 U.S. at 435, 103 S. Ct. at 1940.

The Fourth Circuit follows a three-step process for courts to determine a reasonable attorneys' fee award. McAfee v. Boczar, 738 F.3d 81, 88 (4th Cir. 2013), as amended (Jan. 23, 2014). First, the court determines the lodestar figure, which is calculated by multiplying the reasonable number of hours expended by the reasonable hourly rate. Id. Courts evaluate the reasonableness of the hours expended and rates sought on fee petitions under the lodestar method using the twelve factors identified in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th. Cir. 1974), as adopted by Barber v. Kimbrell's Inc., 577 F.2d 216, 226 n. 28 (4th Cir. 1978). See Robinson v. Equifax Info. Servs., 560 F.3d 235, 243–44 (4th Cir. 2009).[1] Second, the court subtracts fees for hours spent on unsuccessful claims unrelated to successful claims. McAfee, 738 F.3d at 88. Finally, the court awards a percentage of the remaining amount to the plaintiff, depending on the degree of success of plaintiff's claims. Id.

---

[1] The Fourth Circuit has construed the Johnson factors as: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorneys' opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorneys' expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. Robinson, 560 F.3d at 243–44.

3

A strong presumption exists that a properly calculated lodestar figure is reasonable. Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 554 (2010). That presumption may be overcome only in rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee. Id.

### Rate

The reasonable hourly rate for purposes of the lodestar figure is generally the prevailing market rate for comparable services in the community in which the services were rendered. In re Mullins, 1996 WL 148527, *3 (W.D. Va. Feb. 12, 1996). Hudson is seeking fees for one attorney, Rebecca Glenberg, at a rate of $350.00 per hour, and one paralegal, Joseph Montano, at a rate of $100 per hour. See Dkt. No. 112, p. 5. This court previously found that $350.00 per hour was a reasonable rate for Ms. Glenberg, and the court's finding was affirmed by the Fourth Circuit on appeal. See Dkt. Nos. 92, 95, 107. I continue to find Ms. Glenberg's billing rate to be reasonable given the geographic location of this litigation and Ms. Glenberg's experience level. This court has also previously found a billing rate of $100.00 per hour to be reasonable for paralegals. Skycable, LLC v. Coley, No. 5:11cv00048, 2014 WL 4407130, at *4 (W.D. Va. Sept. 8, 2014). Thus, I find that the billing rates sought in Hudson's attorney fee request are reasonable.

### Hours

I must next determine the number of hours reasonably expended by Hudson's counsel. Rum Creek Coal Sales, Inc., 31 F.3d at 174. Although a plaintiff who obtains full relief should receive a "fully compensatory fee," the number of hours must be adjusted to delete duplicative or unrelated hours. Id. at 174-75 (citing Hensley, 461 U.S. at 437, 103 S. Ct. at 1941). The Court

4

must carefully scrutinize the total number of hours reported by the prevailing party to arrive at the number of hours that can fairly and reasonably be charged to the losing party.  See Spell v. McDaniel (Spell I), 616 F. Supp. 1069, 1085 (E.D.N.C. 1985) affirmed in part, vacated in part, 824 F.2d 1380 (4th Cir. 1987) (citations omitted).

The fee applicant bears the burden of documenting and supporting the number of hours expended in the litigation, and the fee application should be supported by "contemporaneous, complete and standardized time records which accurately reflect the work done by each attorney." Nat'l Ass'n of Concerned Veterans v. Sec'y of Defense, 675 F.2d 1319, 1327 (D.C. Cir. 1982).  Here, Ms. Glenberg provided a declaration setting forth her hourly rate and hours billed, as well as a summary of her legal work on this case. Dkt. No. 112-1. Ms. Glenberg also provided a detailed billing report identifying the timekeeper, the date on which the work was performed, a brief description of the work performed, and the amount of time expended. Dkt. No. 112-2.

Ms. Glenberg seeks compensation for a total of 59 hours and 10 minutes of attorney work, and one hour of paralegal work.  Defendants filed no objection to Ms. Glenberg's billing entries and declarations. Having reviewed Hudson's fee request in detail, and bearing in mind the Johnson factors, I find the hours billed by Ms. Glenberg to be reasonable, especially in light of Hudson's successful result.

The hours billed by Ms. Glenberg involve researching and writing briefs seeking to dismiss Defendants' Fourth Circuit appeal, researching and writing briefs to address post-trial motions filed by Defendants with this court, and preparing for and participating in oral argument. The time expended was necessary for Hudson to properly respond on appeal and defend the

5

permanent injunction and attorneys' fee award.[2] Hudson also seeks compensation for one hour of paralegal time required to obtain a copy of an unpublished opinion from the Eastern District of Virginia pursuant to an order by the Fourth Circuit. Hudson is entitled to receive compensation for paralegal work that is not purely clerical. See Missouri v. Jenkins, 109 S.Ct. 2463 (1989). I find the one hour spent by Mr. Montano to obtain an unpublished opinion from the Eastern District of Virginia to be compensable.

**Expenses**

Hudson seeks $53.19 in legal expenses, related to binding briefs for submission to the Fourth Circuit and copying an opinion requested by the Fourth Circuit. Dkt. No. 112-1. A prevailing plaintiff is entitled to compensation for reasonable litigation expenses under §1988, Daly, 790 F.2d at 1084, and I find Hudson's legal expenses to be modest and reasonable.

**A. Lodestar Calculation**

In applying the lodestar analysis set forth above, I have considered all of the Johnson factors, most of which are subsumed in the rate and hour analysis. I also note that the post-trial motions and appeal involved novel questions due to the Supreme Court's decision in Town of Greece. The lodestar calculation yields the following amount of attorneys' fees and expenses in this matter:

---

[2] Notably, Hudson's counsel did not request fee compensation for time spent participating in court-ordered mediation with the Fourth Circuit, as well as clerical tasks performed by paralegals. Dkt. No. 112-1.

| Name | Hours | Rate | Total: |
|---|---|---|---|
| Attorney Rebecca Glenberg | 59 hours 10 minutes | $350.00 | $ 20,708.35 |
| Paralegal Joseph Montano | 1 hour | $100.00 | $ 100.00 |
| Expenses | | | $ 53.19 |
| | **Total:** | | **$ 20,861.54** |

B. **Adjustment to Lodestar**

There is a "strong" presumption that the lodestar figure represents a reasonable fee. Perdue, 106 S. Ct. at 1673. In Perdue, the Supreme Court made clear that the strong presumption for the reasonableness of a lodestar fee figure can only rarely be overcome in "extraordinary cases" which will be presented in the "rarest of circumstances." Perdue at 1673. I do not find that such extraordinary circumstances exist in this case to warrant an upward or downward departure from the lodestar. I specifically find no reductions warranted because there were no claims or motions upon which Hudson did not prevail, and Hudson achieved a substantial degree of success in this case and on appeal. The lodestar calculation in this case yields a total fee of $20,861.54, and pursuant to Perdue, I find that this fee is reasonable and sufficient, and should be awarded.

### III.

For the foregoing reasons, I hereby **RECOMMEND** that Hudson's Second Motion for Attorneys' Fees (Dkt. No. 111) be **GRANTED**, and Hudson be awarded attorneys' fees and expenses in the amount of **$20,861.54.**

The clerk is directed to transmit the record in this case to the Honorable Michael F. Urbanski, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they

are entitled to note any objections to this Report and Recommendation within fourteen (14) days. Any adjudication of fact or conclusion of law rendered herein by the undersigned that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1) as to factual recitations or findings, as well as to the conclusion reached by the undersigned, may be construed by any reviewing court as a waiver of such objection.

Entered: May 8, 2015

/s/ Robert S. Ballou

Robert S. Ballou
United States Magistrate Judge